UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 12-50170 |
| | ) | Chapter 7 |
| WILLIAM NMI PAUL, JR | ) | |
| aka Bill Paul | ) | |
| aka Bill Paul, Jr. | ) | |
| aka William Paul | ) | DECISION RE:  TRUSTEE'S |
| dba Vision Construction | ) | OBJECTION TO DEBTOR'S |
| dba Pauls Construction | ) | CLAIMED HOMESTEAD EXEMPTION |
| SSN/ITIN xxx-xx-7110 | ) | |
| | ) | |
| Debtor. | ) | |

The matter before the Court is Trustee Forrest C. Allred's Motion for Judgment on the Pleadings regarding his Objection to Claimed Exempt Property.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The Court enters these findings and conclusions pursuant to Fed.R.Bankr.P. 9014(c).  For the reasons discussed below, the Court concludes Debtor may not claim a homestead exemption in certain real property he owns in Lead, South Dakota, and it will grant the trustee's motion as a motion for summary judgment.

I.

William Paul, Jr. ("Debtor") filed a chapter 7 petition in bankruptcy.  On the petition date, Debtor resided on Billings Avenue in Lead, South Dakota, with his wife and child in a home owned solely by his wife (docs. 1 and 30).  According to his statement of financial affairs, Debtor has not resided elsewhere for at least three years (doc. 1).  Among his assets, Debtor scheduled real property on Spark Street in Lead, South Dakota, and claimed it exempt as his homestead under S.D.C.L. § 43-43-3(2) (doc. 1).  Debtor valued the home at $34,290.00 and stated there were no secured

claims against it (doc. 1).

At the meeting of creditors conducted by Trustee Allred, Debtor testified that while he owns the Spark Street property, he has not lived there for several years, he has no intent to live there, and he rents it to others for income. Based on that testimony, Trustee Allred objected to Debtor's claimed homestead exemption in the property (doc. 11).

In his response to Trustee Allred's objection (doc. 13), Debtor stated he had previously lived in the Spark Street house and had not abandoned it. He contended South Dakota's homestead laws are to be liberally construed in his favor and, without elaboration, argued the trustee's objection was "inadequate as a matter of law."

Trustee Allred moved for judgment on the pleadings (doc. 14). He said Debtor's averments that he owned the Spark Street house, that he once lived there, and that the trustee had not disputed the house's value were immaterial. He accepted for the sake of argument Debtor's averment that he had not abandoned the property, focusing instead on Debtor's failure to dispute his allegation Debtor had no present intent to occupy the property. Trustee Allred argued an intent to occupy could not reasonably be drawn from Debtor's assertion he had not abandoned the property, and citing *Eagle Feather v. McHenry*, 190 N.W. 328 (SD 1922), argued Debtor simply did not possess, on the petition date, a present intent to occupy the Spark Street house as his home within a reasonable time.

In his response to the motion for judgment on the pleadings (doc. 30), Debtor argued South Dakota's liberal homestead statutes and the case law interpreting them did not foreclose his option of some day moving into the Spark Street house and using

it as his homestead.

II.

*Judgment on the pleadings*. In considering a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c),[1] the Court must "accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant." *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004) (citing *Franklin High Yield Tax-Free Income Fund v. County of Martin*, 152 F.3d 736, 738 (8th Cir. 1998) (citing *Lion Oil Co. v. Tosco Corp.*, 90 F.3d 268, 270 (8th Cir. 1996))). The Court may grant the motion "'only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law.'" *Waldron,* 388 F.3d at 593 (quoting *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001) (citing *Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 428 (8th Cir. 1993))).

If the movant goes beyond the pleadings to make his record, the motion must be treated as a motion for summary judgment:

> If, on a motion [for judgment on the pleadings], matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed.R.Civ.P. 12(d). That Debtor, on the petition date, lived with his wife and child in the Billings Avenue house owned by his wife is a material fact Debtor briefly acknowledged in his response to Trustee Allred's Motion for Judgment on the Pleadings, but that fact was not included in either Trustee Allred's Objection to

---

[1] Federal Rule of Civil Procedure 12(c) is made applicable in bankruptcy contested matters in this District by Bankr. D.S.D. R. 9014-3(b).

Claimed Exempt Property or Debtor's response to Trustee Allred's objection. Under the circumstances, the Court determined the better course was to treat the trustee's motion as one for summary judgment, and it afforded the parties an opportunity to submit additional materials (doc. 35). Neither party submitted any additional materials.

*Summary judgment*. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(a). An issue of material fact is *genuine* if it has a real basis in the record. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (quotes therein). A genuine issue of fact is *material* if it might affect the outcome of the case. *Id.* (quotes therein).

The matter must be viewed in the light most favorable to the party opposing the motion. *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997). Where motive and intent are at issue, disposition of the matter by summary judgment may be more difficult. *Cf. Amerinet, Inc. v. Xerox Corp.,* 972 F.2d 1483, 1490 (8th Cir. 1992) (citation omitted).

The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he points out that part of the record that bears out his assertion. *Handeen v. Lemaire*, 112 F.3d 1339, 1346 (8th Cir. 1997) (quoting therein *City of Mt. Pleasant, Iowa v. Associated Electric Coop., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988)). No defense to an insufficient showing is required. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970) (citation therein); *Handeen*, 112 F.3d at 1346.

If the movant meets his burden, however, the nonmovant, to defeat the motion, "must advance specific facts to create a genuine issue of material fact for trial." *Bell*,

106 F.3d at 263 (quoting *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 64 F.3d 1202, 1211 (8th Cir. 1995)).  The nonmovant must do more than show there is some metaphysical doubt; he must show he will be able to put on admissible evidence at trial proving his allegations.  *Bell*, 106 F.3d at 263 (citing *Kiemele v. Soo Line R.R. Co.*, 93 F.3d 472, 474 (8th Cir. 1996), and *JRT, Inc. v. TCBY Systems, Inc.*, 52 F.3d 734, 737 (8th Cir. 1995)).

*Homestead exemption*.  A homestead in South Dakota is defined by statute.

> The homestead must embrace the house used as a home by the owner thereof, being either, real property or a mobile home as hereinafter defined, and if he or she has two or more houses or mobile homes thus used at different times and places, such owner may select which he or she will retain as a homestead.
>
> It must not embrace more than one dwelling house or any other buildings except such as are properly appurtenant to the homestead as such; but a shop, store, or other building situated on real property and really used or occupied by the owner in the prosecution of his own ordinary business may be deemed appurtenant to such homestead.
>
> The homestead may contain one or more lots or tracts of land with the buildings thereon and other appurtenances, subject to the limitations contained in this code, but must in no case embrace different lots and tracts unless they are contiguous, or unless they are habitually and in good faith used as part of the same homestead.
>
> If within a town plat the homestead must not exceed one acre in extent, and if not within a town plat, it must not embrace in the aggregate more than one hundred sixty acres.  If the homestead is claimed upon any land, the title or right of possession to which was acquired or claimed under the laws of the United States, relating to mineral lands, then the area of the homestead, if within a town plat, shall not exceed one acre, and if without a town plat it must not exceed forty acres, if title thereto has been acquired as a placer claim, but if the title has been acquired under the laws of Congress as a lode mining claim, the area of such homestead shall not exceed five acres.

S.D.C.L. §§ 43-31-2, 3, and 4 (pertinent parts *ad seriatim*).[2]  This defined homestead is absolutely exempt, S.D.C.L. § 43-45-3, and the debtor need not affirmatively claim the exemption for the homestead to be set apart and protected from execution. *Rames v. Norbraten*, 272 N.W. 826, 827 (S.D. 1937).  *See Meyer v. Beaver*, 68 N.W. 310, 311-12 (S.D. 1896).

The extent of the homestead exemption in South Dakota is set forth in S.D.C.L. § 43-31-1:

> The homestead of every family, resident in this state, as hereinafter defined, so long as it continues to possess the character of a homestead is exempt from judicial sale, from judgment lien, and from all mesne or final process from any court, to the extent and as provided by statute. However, a creditor or lien holder of a mobile home classified as a homestead under § 43-31-2 prior to January 1, 1973, may not be cut off and is not subject to a homestead exemption.  In addition, a homestead with a value of less than one hundred seventy thousand dollars of a person seventy years of age or older, and the unremarried surviving spouse of such person, is exempt from sale for taxes for so long as it continues to possess the character of a homestead.

The homestead exemption is a privilege granted by law, not an estate in land. *Johnson v. Sellers,* 798 N.W.2d 690, 693 n.2 (S.D. 2011) (citing *Speck v. Anderson,* 318 N.W.2d 339, 344 (S.D. 1982) (quoting *Botsford Lumber Co. v. Clouse* (*In re Clouse's Estate*), 257 N.W. 106, 108 (S.D. 1934))).

A debtor's entitlement to an exemption is determined on the day he files his bankruptcy petition.  11 U.S.C. § 522(b)(2)(A); *Mueller v. Buckley* (*In re Mueller*), 215 B.R. 1018, 1022 (8th Cir. B.A.P. 1998) (citations therein); *Harris v. Herman* (*In re Herman*)*,* 120 B.R. 127, 130 (9th Cir. B.A.P. 1990).   Exemptions are liberally

---

[2]  Though not relevant in this case, a homestead may include a mobile home but not a gold or silver mine.  S.D.C.L. §§ 43-31-2 and 43-31-5.

construed in favor of the debtor.  *Wallerstedt v. Sosne* (*In re Wallerstedt*), 930 F.2d 630, 631 (8th Cir. 1991).

III.

On the petition date, Debtor and his wife and child made their home on Billings Avenue in Lead.  Debtor did not reside in his Spark Street house nor have a present intent to return to it.  His absence cannot be denominated "temporary," especially where Debtor and his family made their home elsewhere and had no intent to move, or be described as dependent on the fulfillment of some condition, such as a change in employment or health.  *Knittel v. G. Sommers & Co.*, 28 N.W.2d 878, 878-79 (S.D. 1947).  Most important, Debtor and his family's homestead exemption privilege may extend to only one home.  When Debtor made the Billings Avenue house his home, his ability to claim the Spark Street house his homestead was forfeited. *Feucht v. Pierce*, 2006 WL 3354507 (D.S.D. Nov. 15, 2006); *Hewitt v. Carlson*, 244 N.W. 108, 109 (S.D. 1932) (homestead not abandoned when owner and husband temporarily left during husband's employment elsewhere); *Yellowhair v. Pratt*, 182 N.W. 702, 704 (S.D. 1921) (while marriage did not deprive a debtor of claiming her house as her homestead, leaving her house and occupying her new husband's house with him would have constituted an abandonment of her house as a homestead).[3]

---

[3] The Court is not concluding Debtor abandoned his ownership of the Sparks Street property when he moved into his wife's home. *See Cundy v. Weber*, 300 N.W. 17, 22 (S.D. 1941) ("Abandonment of a property right results from a concurrence of an intention to surrender, and the actual relinquishment thereof.  Conduct may support an inference of such an intention.") (cited in *Premier Bank, N.A. v. Mahoney*, 520 N.W.2d 894, 898 (S.D. 1994)); *Timber v. Desparois*, 101 N.W. 879, 881 (S.D. 1904) (abandonment of real property evidenced by the plaintiff's failure to pay taxes or otherwise exercise any acts of ownership over time).  Instead, Debtor, well before filing bankruptcy,  transferred his homestead exemption privilege from his property to his wife's property.

Accordingly, Trustee Allred's motion will be granted as one for summary judgment, and an order sustaining his objection to Debtor's claimed homestead exemption in the Spark Street property will be entered.

Dated: November 16, 2012.

BY THE COURT:

*[signature]*

Charles L. Nail, Jr.
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota